**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**ROSA J. LOPEZ DE JESUS**,

  Plaintiff,

    v.

**COMMISSIONER OF SOCIAL SECURITY**,

  Defendant.

**CIVIL NO. 04-2129 (JAF)**

**REPORT AND RECOMMENDATION**

The case at bar was brought before the Court pursuant to the Social Security Act's[1] ("Act") appeals provision, which expressly authorizes any individual who requests disability benefits from the Commissioner of Social Security, but whose request has been denied, to seek review of said decision pursuant to 42 U.S.C. § 405 (g). After reviewing the transcript of the record and the parties memoranda of law (Docket Nos. 11 and 13), the Court finds that denial of a period of disability or disability insurance benefits was supported by substantial evidence, for which the Commissioner's ruling is **AFFIRMED**.

**I. STANDARD OF REVIEW**

Judicial review of the Commissioner of Social Security's denial of disability benefits is limited in scope. The Court's only tasks are to ensure that the final decision is supported by substantial evidence and whether the correct legal standard was used. 42 U.S.C. § 405 (g); See Seavey v. Barnhart, 276 F. 3d 1, 9 (1ST Cir. 2001). The term "substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). If the Court finds the determination to be supported by substantial evidence of record, the Commissioner's findings must be upheld, even if the Court disagrees with them or, had found otherwise under a *de novo* standard of review. See Lizotte v.

---

[1] 42 U.S.C. § 405 *et seq.*

**CIVIL NO. 04-2129 (JAF)**                              2

Secretary of Health and Human Servs., 654 F. 2d 127, 128 (1ST Cir. 1981). However, the Commissioner's findings are not conclusive "when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999).

## II. FINDINGS OF THE ADMINISTRATIVE LAW JUDGE

After evaluating the evidence of record, the Administrative Law Judge ("ALJ") made the following findings in his decision to deny plaintiff a period of disability and disability benefits:

1. The claimant meets all of the the non-disability requirements for Disabled Widow's Insurance Benefits set forth in Section 202(e) of the Social Security Act (with the exceptions noted in 20 C.F.R. § 404.335(e)). The claimant's prescribed period begins September 27, 1987, and ended September 30, 1994.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant has an impairment or a combination of impairments considered "severe" based on the requirements in the Regulations 20 C.F.R. § 404.1520 (b).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, of Regulation No. 4.

5. The claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

6. The [ALJ] has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 C.F.R. § 404.1527).

7. The claimant retains the residual functional capacity to perform a full range of medium work, but it should be performed in a clean work environment.

8. The claimant has no past relevant work (20 C.F.R. § 404.1565).

9. The claimant was a "younger individual." (20 C.F.R. § 404.1563).

10. The claimant has a "limited education." (20 C.F.R. § 404.1564).

11. The claimant had the residual functional capacity to perform substantially all of the full range of medium work. (20 C.F.R. § 404.1567).

**CIVIL NO. 04-2129 (JAF)**                         3

12. Based on an exertional capacity for medium work, and the claimant's age, education, and lack of work experience, at the pertinent period, Medical-Vocational Rule 203.25, Appendix 2, Subpart P, Regulations No. 4 would direct a conclusion of "not disabled."

13. The claimant's capacity for medium work was substantially intact and was not compromised by any non-exertional limitations. Accordingly, using the above-cited rule(s) as a framework for decision-making, the claimant is not disabled.

14. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date she last met the insured status. (20 C.F.R. § 404.1520 (f)).

### III. PLAINTIFF'S ARGUMENT ON ADMINISTRATIVE REVIEW

Plaintiff Rosa J. López-De Jesús ("López-De Jesús") alleges on administrative review that the Commissioner's ruling was not supported by substantial evidence, as called for by the Act. 42 U.S.C. § 405 (g). *Complaint* (Docket No. 1). Specifically, López-De Jesús claims that the ALJ did not properly consider her complaint of debilitating pain. In addition, the claimant alleges that the ALJ's use of the Grid was uncalled for in light of the evidence of non-exertional limitations contained in the administrative record. *Plaintiff's Memorandum of Law*, p. 6-7 (Docket No. 13).

### IV. LEGAL ANALYSIS

As stated above, the standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). In reviewing the record for substantial evidence, the Court is guided by the mandate that "issues of credibility and the drawing of permissible inference from evidentiary facts are the prime responsibility of the Secretary." Richardson, 402 U.S. at 399. The resolution of conflicts in the evidence and the determination of the ultimate question of disability is for the Secretary, not for the doctors or for the Courts. Id.; see also Lizotte v. Secretary of Health and Human Services, 654 F.2d 127, 128 (1st Cir. 1981); Rodríguez, 647 F. 2d at 222; Alvarado v. Weinberger, 511 F.2d 1046, 1049 (1st Cir. 1975) (per curiam).

The Court will first address López-De Jesús' claim that the ALJ improperly applied the Grid,

**CIVIL NO. 04-2129 (JAF)** 4

in light of the non-exertional limitations allegedly evinced by the administrative record. *Plaintiff's Memorandum*, p. 10 (Docket No. 13). López-De Jesús claims that the proper course of action called for the ALJ's procurement of a Vocational Expert to opine on whether, considering such alleged limitations, their exist jobs in the national and local economy which suit her. Id.

Where a claimant has a non-exertional impairment which significantly affects the claimant's ability to perform the full range of work he/she is otherwise capable of performing, the Commissioner's burden is to show, usually through the testimony of a vocational expert, the availability of jobs in the national economy which are viable considering the claimant's condition. Ortiz v. S.H.H.S., 890 F. 2d. 520, 524 (1ST Cir. 1989). However, in the case at bar, the record is barren of any such non-exertional limitations during the relevant time period. In fact, the claimant has failed to even specify in her brief which limitations she claims warranted the use of a vocational expert. Moreover, the evidence of record appears to establish quite the contrary. To that effect, the only residual functional capacity assessment ("RFC") on record, which the claimant has not objected to, clearly states that López-De Jesús has no postural, manipulative, visual, communicative, or environmental limitations. (Tr. 140-42). The claimant was also found capable of occasionally lifting fifty pounds, frequently lifting twenty-five pounds, standing and sitting for six hours in an eight hour work day, and pushing and pulling without limitation. (Tr. 139).

Additionally, the brunt of the evidence on record of her alleged pain is from medical reports outside of her coverage period for Disabled Widow's Insurance Benefits, which the ALJ stated ran through September 30, 1994. (Tr. 24). The only evidence of such pain within the prescribed period that the Court can find are two reports from September 1993, which state that she complained of pain. (Tr. 174, 180). However, no objective medical findings are included to support her subjective claims, which are, in and of themselves, insufficient to warrant disability benefits. See Bianchi v. S.H.H.S., 764 F. 2d. 44, 45 (1ST Cir. 1985).

## V. CONCLUSION

After reviewing the appellant's administrative record, the ALJ's findings, the accompanying memorandum of law, and the applicable law, the Court finds that the denial of a period of disability

**CIVIL NO. 04-2129 (JAF)**                    5

or disability benefits was supported by substantial evidence. <u>Richardson v. Perales</u>, 402 U.S. 389 (1971). Consequently, the Court hereby **RECOMMENDS** that the Commissioner's ruling be **AFFIRMED**.

      Under the provisions of 28 U.S.C. § 636 and Rule 72 (d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of the Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985), <u>reh'g denied</u>, 474 U.S. 1111 (1986); <u>Davet v. Maccorone</u>, 973 F. 2d 22, 30/31 (1st Cir. 1992).

**IT IS SO RECOMMENDED**

**Date: August 2, 2005**                                                          <u>S/ Gustavo A. Gelpí</u>
                                                                               **GUSTAVO A. GELPI**
                                                                               **U.S. Magistrate Judge**